IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDRE S. LEWIS | : | No. 15-cr-368 |

MEMORANDUM OPINION

Legrome D. Davis, J.                                                                                         January 25, 2017

I.      Introduction

In June and July 2015, Defendant Andre S. Lewis robbed a Wells Fargo bank branch and then attempted on two subsequent occasions to rob a second branch. During these robberies, Lewis handed threatening notes to the tellers, informing one teller that Lewis knew where she lived and had an associate waiting in her house, and representing to another teller that he was carrying a bomb. Lewis was arrested following the third incident. On April 25, 2016, he pleaded guilty to a three-count indictment charging with him bank robbery and attempted bank robbery in violation of 18 U.S.C § 2113(a).

A Presentence Investigation Report was created by a United States Probation Officer, and both parties were given the opportunity to object to its contents. The probation officer determined that Lewis was a career offender under section 4B1.1 of the sentencing guidelines, which increased Lewis's offense level by four points and increased his criminal history category to VI. The officer calculated a total offense level of 29 and a criminal history category of VI, resulting in a guideline range of 151 to 188 months. Absent the enhancement, Lewis's guideline range would have been 100 to 125 months.

1

Lewis filed a sentencing memorandum objecting to the enhancement. Def.'s Sentencing Mem. (Doc. No. 19). At sentencing, both parties agreed that the probation officer's mathematical calculations of the sentencing guidelines were correct, but Lewis again objected to the application of the enhancement. After hearing argument, the Court denied Lewis's objection. Following the sentencing presentations of both parties and after consideration of all of the 18 U.S.C § 3553(a) factors, the Court applied the enhancement but varied below the guidelines and imposed a sentence of 120 months incarceration to be followed by a three-year term of supervised release. This opinion sets forth the reasons for the Court's denial Lewis's objection to the career offender enhancement.

II.     Career Offender Enhancement

Lewis challenged the recommendation that he be categorized as a career offender under the guidelines, arguing that one of his predicate convictions, aggravated assault, was not a crime of violence. Def.'s Sentencing Mem., at 1. Lewis's objection fails because his conviction for aggravated assault necessarily involved "the use, attempted use, or threatened use of physical force against the person of another." U.S. Sentencing Guidelines Manual § 4B1.2 (U.S. Sentencing Comm'n 2014).

    A.     Legal Standard

The federal sentencing guidelines include an enhancement for career offenders. U.S. Sentencing Guidelines Manual § 4B1.1(b) (U.S. Sentencing Comm'n 2014). Career offender status under the guidelines requires, *inter alia*, that the defendant has two or more predicate felony convictions that are either a crime of violence or a drug offense. *Id.* § 4B1.1(a). A crime of violence is any state or federal offense punishable by more than one year in prison that either:

>   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 4B1.2(a).[1]

The inquiry into whether a predicate offense is a crime of violence generally requires a categorical approach, which focuses not on the specific conduct of that offense but instead on its elements. *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016).[2] Under this approach, a court must consider "the least culpable conduct necessary to sustain conviction under the statute." *Aguilar v. Attorney Gen. of United States*, 663 F.3d 692, 695 (3d Cir. 2011). One limited alternative to this categorical approach applies when a defendant has a prior conviction for a statute that is divisible, that is, when the statute "comprises multiple, alternative versions of the crime." *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). In that situation, a court may look to the charging document, the plea agreement and colloquy, or to other "comparable judicial record[s]" to determine what the elements of the crime of conviction were. *Shepard v. United States*, 544 U.S. 13, 26 (2005). But these documents can only be used to identify the elements; the focus must remain there, rather than on the facts of the crime. *Descamps*, 133 S. Ct. at 2285.

---

[1] The November 2016 amendments to the sentencing guidelines added several enumerated offenses to § 4B1.2(a)(2), including aggravated assault. U.S. Sentencing Guidelines Manual § 4B1.2 (U.S. Sentencing Comm'n 2016). At sentencing, the parties disputed whether this updated version of the guidelines should be used, or whether the Ex Post Facto Clause requires the use of the guidelines in effect at the time the offenses were committed in June and July 2015. The Court need not resolve this dispute because it finds that aggravated assault is a crime of violence under the elements clause, § 4B1.2(a)(1), which is identical in both versions of the guidelines.

[2] The Court relies on cases interpreting the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). These cases are relevant because "the definition of a violent felony under the ACCA is sufficiently similar to the definition of a crime of violence under the Sentencing Guidelines that authority interpreting one is generally applied to the other." *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009).

This modified approach does not apply if a statute lists different factual means of committing a single element, rather than different versions of the crime, each with their own elements. *United States v. Henderson*, 841 F.3d 623, 628 (3d Cir. 2016). To determine whether a list in an alternatively-phrased statute consists of elements or means, a court can look to the decisions of state courts, to the statute itself, or to the record of the prior conviction. *Mathis*, 136 S. Ct. at 2256.

B.   Discussion

Lewis's conviction for aggravated assault is a crime of violence, and thus a predicate felony for career offender status. To reach this determination, the Court must first look to the elements of the crime of conviction. *See Henderson*, 841 F.3d at 627. Lewis pleaded guilty to aggravated assault in the Philadelphia Court of Common Pleas on April 25, 2014. Written Guilty Plea Colloquy, Gov't's Sentencing Mem. Ex. A (Doc. No. 20-1), at 7–10. Pennsylvania's aggravated assault statute, 18 Pa. Cons. Stat. § 2702, is a divisible statute that lists multiple crimes. *See Mathis*, 136 S. Ct. at 2249; *United States v. Gorny*, 655 F. App'x 920, 924 (3d Cir. 2016) (holding that Pennsylvania's aggravated assault statute is divisible). Each subsection of the statute criminalizes different conduct, with different elements that need to be met, rather than listing different means of meeting the same elements. *See* 18 Pa. Cons. Stat. § 2702. This Court's conclusion that the statute lists different elements, rather than different means, is consistent with well-settled state case law holding that the Commonwealth must prove different things for the different subsections of the aggravated assault statute. *Com. v. Rhoades*, 8 A.3d 912, 918 (Pa. Super. Ct. 2010) ("[W]e find that [two subsections of § 2702] . . . did *not* share identical statutory elements."); *Com. v. Taylor*, 500 A.2d 110, 114 (Pa. Super. Ct. 1985), *aff'd*, 531

A.2d 1111 (Pa. 1987) ("[T]he proof required for subsection (a)(1) and subsection (a)(4) [of § 2702] is substantially different."). The conclusion is also confirmed by the statutory penalties—subsections (a)(1), (2), and (9) carry a greater penalty than the remaining subsections. 18 Pa. Cons. Stat. § 2702(b). "If statutory alternatives carry different punishments, then under *Apprendi* they must be elements." *Mathis*, 136 S. Ct. at 2256.

Since the aggravated assault statute is divisible, the Court will use the modified categorical approach. The charging documents show that Lewis was charged with violating two subsections of the aggravated assault statute, §§ (a)(1) and (a)(4). Information, Gov't's Sentencing Mem. Ex. A, at 11. A violation of subsection (a)(1) is a felony in the first degree and a violation of subsection (a)(4) is a felony in the second degree. 18 Pa. Cons. Stat. § 2702(b). The written guilty plea colloquy form shows that Lewis pleaded guilty to felony aggravated assault in the second degree, Gov't's Sentencing Mem. Ex. A, at 7, thus Lewis must have pleaded guilty to violating section 2702(a)(4). Counsel for the defense conceded as much at sentencing.

A person is guilty under subsection (a)(4) if that person "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa. Cons. Stat. § 2702(a)(4). Lewis argues that this is not a crime of violence because it is possible to cause bodily injury without using force—he gives poisoning as an example. Def.'s Sentencing Mem., at 6–8. But the Supreme Court directly rejected that argument in *Castleman v. United States*, holding that "[i]t is impossible to cause bodily injury without applying force." 134 S. Ct. 1405, 1415 (2016). The *Castleman* court found that the use of force encompasses indirect applications of force, negating hypotheticals such as poisoning. *Id.* at 1414. In such cases, "[t]he 'use of force' . . . is not the act of

5

'sprinkl[ing] the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly . . . does not matter." *Id.* at 1415. The *Castleman* court was speaking of common law force, as opposed to violent force under ACCA or the career offender guidelines, but that distinction was based on the degree of force and resulting injury, not on the manner in which that force is applied. *See id.* at 1410–11. The Supreme Court's conclusion that force can be applied both directly and indirectly still governs here. *See Gorny*, 655 F. App'x at 925 (relying on *Castleman* to find that 18 Pa. Cons. Stat. § 2702(a)(4) is a crime of violence under the sentencing guidelines).

As a result, section 2702(a)(4)'s requirement that a defendant "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon" necessarily "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) (U.S. Sentencing Comm'n 2014). Lewis's aggravated assault conviction is thus a crime of violence as defined in the guidelines, and a valid predicate for career offender status. *See Gorny*, 655 F. App'x at 925 ("We conclude that § 2702(a)(4) is a crime of violence.").

III. Conclusion

For the foregoing reasons, the Court denied Lewis's objections to career offender status.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

6